Boynton, C. J.
¥c think the court erred in excluding the evidence offered to show that the object of the mortgagor in giving the mortgages sued on to secure double the amount of money borrowed, and of the mortgagee in receiving the same, was to defraud the creditors of the mortgagor. Section 97 of the crimes act (1 S. & C. 429) makes it a penal offense, punishable by line and imprisonment, for any person to make any grant or conveyance, with intent to defraud his creditors of their just demands.
The object of the testimony offered and rejected was to show that a part of the consideration of each of the notes the mortgages were given to secure was illegal, and consequently that the mortgages were void. If a part of the consideration of each note was illegal, the effect would be the same as if the entire consideration were illegal, and such effect would be to render the mortgages void. If any distinct note that either mortgage was given in part to secure, was not tainted with the fraudulent purpose to defraud the maker’s creditors, no doubt equity would follow the law and enforce to that extent the mortgage security; but where a part of the consideration, whether large or small, is affected with the fraud, the case falls within the operation of the principle stated and affirmed in Widoe v. Webb, 20 Ohio St. 431. Hence, the testimony offered was clearly competent, unless the view is correct which the district court seems to have taken, namely, that the contract evidenced by the mortgages was fully executed between the parties. That such is not the character of the contract in the view of a court of equity, is apparent from a moment’s reflection. In equity a mortgage is but a chose in action, given to secure the performance of some act, usually the payment of money.
Where anything remains to be done to carry into effect the intention of the parties, and which can only be accomplished through the aid of a court of equity where one of the parties refuses to perform the stipulation which he has agreed to perform, the contract is executory. A mortgage being conditioned for the payment of a sum of money, or the performance of some other act, if the money is not paid or the act performed, and the equity of redemption is sought to be foreclosed, *448 the active aid of a court of equity is required. The payment of the mortgage debt, or the performance of the condition, •whatever it may be, can be secured in no other way.
And this aid is always, and uniformly, denied, when sought to enforce a contract the consideration of which is illegal. In such case the maxim applies, in pari delicto potior est conditio defendentis, not because the defendant’s rights are superior to the plaintiff’s, but coming into court with unclean hands it refuses to exercise its powers in his behalf. The case of Raguet v. Roll (7 Ohio, 77) was a scire facias on a mortgage to charge lands with execution. The mortgage was given to secure the payment of the sum of $500, the consideration of an agreement to suppress and prevent a criminal prosecution. The relief sought was denied, and expressly upon the ground that the consideration of the mortgage was tainted with illegality. That case, in principle, is not distinguishable from this, and is decisive of the question now under discussion. The remaining point is, that because Mrs. McQuade signed the mortgages, she cannot allege that the consideration of the same was illegal either in whole or in part. This question "was settled in Goudy v. Gebhart (1 Ohio St. 262), and was also directly involved in Raguet v. Roll. The rule is, that in so far as the contract is executory, the defendant, although in pari delicto, or any one acquiring an interest in the property affected by the contract sought to be enforced, may set up the illegality of its consideration in defense. No one is allowed to set up his own fraud or criminality to defeat an innocent party, but where both parties are participes criminis, the fraud may be set up and proved by either party, when the unexecuted portion of the contract is sought to be enforced against him.
Judgment reversed and canse remanded. '